UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

G. WASHINGTON EAMES, JR.                    CIVIL ACTION

VERSUS

MR. JIM CRIFASI, VICE PRESIDENT
HI NABOR SUPERMARKET
                                             NO. 10-571-RET-CN

### RULING

This matter comes before the Court on the request of the *pro se* plaintiff, G. Washington Eames, Jr., for appointment of counsel pursuant to 28 U.S.C. § 1915(d).[1] The plaintiff alleges that his civil rights have been violated because defendant's establishment does not comply with the ADA guidelines for accessibility for retrofitted handicap vans and does not have any visible signs for designated handicapped parking anywhere on the premises.

At the outset, the Court would note that it does not have the power or authority under Section 1915(d) to "appoint" counsel in the sense of being able to require and compel an attorney to represent the plaintiff on his claims. *See Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1915(d) by its express terms authorizes the Court only to "request" an attorney to represent an *in forma pauperis* litigant. *Id.*

Further, an *in forma pauperis* plaintiff, even one seeking to protect federal civil rights guaranteed under 42 U.S.C. § 1983, has no right to automatic "appointment" of counsel under § 1915(d) and the trial court is not required to "appoint" counsel "unless the case presents exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.

---

[1] Pro se Plaintiff made his request for appointment of counsel through a letter dated October 19, 2010, to the undersigned Magistrate Judge. (Dkt. # 8) The Court will treat this letter as a Motion for Appointment of Counsel.

1982). Assuming, *arguendo*, that the standards governing "appointment" of counsel in civil rights cases apply with equal force in non-civil rights cases, the Court finds that the instant case does not present "exceptional circumstances" requiring the appointment of counsel under those standards. See Ulmer, 691 F.2d at 213 (listing factors). This claim does not appear to be factually nor legally complex and no other factor in *Ulmer*, supra, is found to require appointment of counsel. The pleading shows that plaintiff understands the proceedings and can address the issues presented.

Moreover, the plaintiff has not made a showing that he cannot secure private counsel to pursue his claims. The Baton Rouge Bar Association has a pro bono program that assists with obtaining counsel for indigent persons and the Capital Area Legal Services Corp. helps with some cases, however, while plaintiff has contacted several local attorneys, he has not contacted these agencies. A showing that the plaintiff is unable to secure private counsel is a fundamental prerequisite to any Section 1915(d) "appointment" of counsel. See Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989) (motion to appoint counsel in Section 1983 case properly denied where the IFP plaintiff failed to demonstrate that he was unable to secure private counsel); Ulmer, 691 F.2d at 213 (district court may require the plaintiff to demonstrate the unavailability of private counsel prior to considering whether appointment of counsel under Section 1915(d) is appropriate).

While plaintiff may have limited knowledge of the law, this is true of nearly every person who prosecutes a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing *pro se* pleadings and motions, giving pro se individuals ample opportunity to amend if necessary, and granting generous extensions of time to comply with Court orders. Consequently, the Court's liberal construction of pro se pleadings and motions, coupled with the lack of complexity of the legal issues in this case as well as plaintiff's apparent ability to litigate this action *pro se*, convinces the Court that the appointment of counsel is not necessary at this time. In the event that it subsequently

appears that plaintiff is unable to effectively prosecute his claim *pro se*, the Court will reconsider plaintiff's motion, and if warranted, appoint counsel to represent him at that time.

Appointment of counsel would be of little service to the court or the plaintiff and would not significantly assist in the shaping of the examination of the witnesses or sharpening the issues for trial.

Having considered the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), the court finds that appointment of counsel is not required or warranted in this case.

## CONCLUSION

Accordingly, the plaintiff's motion for appointment of counsel is hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, November 4, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**